**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:16-cv-337-RJC**
**(3:08-cr-134-RJC-19)**

| | | |
|---|---|---|
| JAIME SANDOVAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). The Government agrees that the § 2255 Motion to Vacate should be granted and argues that the Government should be relieved of its obligations under the plea agreement and that Petitioner should be resentenced under the sentencing package doctrine, (Doc. No. 10).

## I.    BACKGROUND

Petitioner was one of 26 individuals charged in a 70-count Third Superseding Indictment relating to a RICO conspiracy. <u>See</u> (3:08-cr-134, Doc. No. 623). Petitioner pled guilty in the underlying criminal case to: Count (1), conspiracy to commit racketeering; and Count (64), using and carrying a firearm during and in relation to a crime of violence, *i.e.*, racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and witness intimidation in violation of 18 U.S.C. § 1512(b)(1), (18 U.S.C. § 924(c)(1)). (<u>Id.</u>, Doc. Nos. 586, 623). As part of his guilty plea, Petitioner waived his direct appeal and post-conviction rights except for claims of prosecutorial misconduct and ineffective assistance of counsel. <u>See</u> (<u>Id.</u>, Doc. No. 586 at 6). The Plea Agreement provides that

the parties will make certain guideline calculation recommendations and will also recommend a sentence within the applicable guideline range. (Id., Doc. No. 586 at 4).

The Presentence Investigation Report ("PSR") scored the combined base offense level as 36 after applying the multiple-count adjustment. (Id., Doc. No. 939 at ¶ 36). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 33. (Id., Doc. No. 939 at ¶ 94-95). No Chapter Four enhancement was applied. (Id., Doc. No. 939 at ¶ 93). Petitioner had one criminal history point and a criminal history category of I. (Id., Doc. No. 939 at ¶ 100). The resulting advisory guideline range was 135 to 168 months' imprisonment plus a minimum mandatory consecutive sentence of not less than 5 years for the § 924(c) conviction. (Id., Doc. No. 939 at ¶ 121).

The Court adopted the PSR without change and sentenced Petitioner within the advisory range to a total of 222 months' imprisonment comprised of 162 months for Counts (1) and 60 months for Count (64), consecutive. (Id., Doc. No. 1203); see (Id., Doc. No. 1204). Petitioner raised sentencing claims on direct appeal and Petitioner argued that the Government's breach of the plea agreement invalidated his appeal waiver. The Fourth Circuit found that Petitioner "clearly breached the provision in his plea agreement that required him to provide full cooperation, thereby releasing the Government from any obligation to seek a lower sentence for him," and that the Government did not breach the plea agreement. United States v. Canales-Reyes, 454 Fed. Appx. 208 (4th Cir. 2011). Therefore, it concluded, Petitioner's appeal waiver is enforceable and the Fourth Circuit accordingly dismissed Petitioner's appeal. Id.

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 14, 2016. (Doc. No. 1). He argues that the § 924(c) conviction and sentence violates due process pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1). This § 2255 case was stayed for

several years during the pendency of United States v. Ali, Fourth Circuit Case No. 15-4433, (Doc. No. 4), and the stay was lifted after the United States Supreme Court issued its decision in United States v. Davis, 139 S.Ct. 2319 (2019), (Doc. No. 8). Petitioner filed a Supplemental Memorandum in support of the § 2255 Motion to Vacate pursuant to Davis and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*).

The Government concedes that the § 924(c) conviction should be vacated pursuant to Davis and Simms and argues that Petitioner should be resentenced on the remaining count pursuant to the sentencing package doctrine. (Doc. No. 10). The Government further argues that it should be released from its sentencing-related obligations at resentencing due to Petitioner's breach of the Plea Agreement. (Id.).

## II.     SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

In Johnson v. United States, 135 S.Ct. 2551 (2015), the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court recently held that § 924(c)(3)(B)'s residual clause[2] is unconstitutionally vague under the principles set forth in Johnson. See United States v. Davis, 139 S.Ct. 2319 (2019).

Petitioner's § 924(c) conviction can only withstand Johnson and Davis if the predicate offenses satisfy § 924(c)'s force clause. The Government correctly concedes that the offenses underlying Petitioner's § 924(c) conviction do not constitute crimes of violence under § 924(c)'s force clause. Racketeering conspiracy does not have as an element the use, attempted use, or threatened use of physical force. See generally United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause because the offense only requires an agreement that does not invariably require the actual, attempted, or threatened use of physical force); see, e.g., United States v. Jones, 935 F.3d 266 (5th Cir. 2019) (finding that RICO conspiracy is not a crime of violence under § 924(c)); United States v. Davis, 2019 WL 3991883 (9th Cir. Aug. 23, 2019) (same). The same is true for witness intimidation under § 1512(b)(1) which requires proof only of "intimidation, threat[s], or corrupt[]

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the ACCA residual clause.

[2] Section 924(c) provides for enhanced sentencing for any person who uses or carries a firearm or possesses a firearm in furtherance of any crime of violence or drug trafficking crime. A "crime of violence" is defined under § 924(c) as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 924 (emphasis added). The italicized portion of the definition is referred to as the § 924(c) residual clause.

persua[sion]" or "misleading conduct toward another person" but not the use or threat of physical harm. 18 U.S.C. § 1512(b). <u>See</u> <u>generally</u> <u>United States v. Banks</u>, 884 F.3d 998 (10th Cir. 2018) (witness tampering under § 1512(b)(1) does not require a direct threat of physical harm). <u>Cf.</u> <u>United States v. Mathis</u>, 932 F.3d 242, 265 (4th Cir. 2019) (holding that witness tampering *by murder* under 18 U.S.C. § 1512(a)(1)(C) is categorically a crime of violence under § 924(c)).

The Government argues that it should be released from its sentencing-related obligations under the Plea Agreement due to Petitioner's breach of that agreement. The Fourth Circuit squarely resolved this issue on direct appeal, finding that Petitioner "clearly breached" the plea agreement, "thereby releasing the Government" from its sentencing obligations with regards to him. <u>Canales-Reyes</u>, 454 Fed. Appx. at 211. The Government will therefore be unfettered by the Plea Agreement's obligations on resentencing.

**IV.    CONCLUSION**

For the foregoing reasons, the § 2255 Motion to Vacate is granted and Petitioner will be resentenced on the remaining count at the Court's earliest convenience.

**IT IS, THEREFORE, ORDERED that:**

Petitioner's § 2255 Motion to Vacate is granted, the conviction in Count (64) is vacated, and Petitioner will be resentenced on the remaining count at the Court's earliest convenience.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**.

2.    Petitioner's conviction on Count (64) is **VACATED**.

3.    Petitioner will be resentenced on Count (1).

4.    The Clerk of Court is directed to certify copies of this Order to the Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

Signed: December 30, 2019

Robert J. Conrad, Jr.
United States District Judge